# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

JOSE MISSOURI, #217781,    )  CIVIL ACTION NO. 9:08-2878-SB-BM
    )
    )
    Petitioner,   )
    )
v.    )
    )
DONALD BECKWITH,    )  **REPORT AND RECOMMENDATION**
    )
    Respondent.  )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was filed on August 11, 2008.[1]

The Respondent filed a return and motion for summary judgment on November 19, 2008.  As the Petitioner is proceeding pro se, a Roseboro order was filed on November 24, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment.  Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.  Petitioner thereafter filed his own motion for summary judgment and memorandum in opposition to Respondent's motion for summary judgment on December 24, 2008.

This matter is now before the Court for disposition.[2]

---

[1] Since the delivery date to the prison mail room does not appear on the envelope, the undersigned has used the date on the application.  Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



## **Procedural History**

Petitioner was arrested in June 1996 after undercover officer Hayvern Henley and a confidential informant purchased drugs from the Petitioner and Floyd Tucker.  <u>See</u> (R.p. 635). Petitioner was subsequently indicted in 1997 in Kershaw County for conspiracy to distribute crack cocaine [Indictment No. 97-GS-28-3395] (R.pp. 1043-1044), distribution of a controlled substance within the proximity of a park [Indictment No. 97-GS-28-3447](R.pp. 1046-1047); and distribution of crack cocaine [Indictment No. 97-GS-28-3448) (R.pp. 1049-1050).  Petitioner was represented by Jack B. Swerling, Esquire, and after a jury trial from January 15, 1997, to January 16, 1997, was found guilty as charged.  (R.pp. 1-552).  The trial judge sentenced Petitioner to a term of twenty-five (25) years and a fine of $50,000.00, for distribution of crack cocaine, ten (10) years, concurrent, and a fine of $10,000.00 for conspiracy to distribute a controlled substance, and ten (10) years, concurrent and a fine of $10,000.00, for distribution of crack cocaine in proximity to a park or playground. (R.pp. 558-559, 1045, 1048, 1051).

Petitioner filed a timely notice of appeal.  On appeal, Petitioner continued to be represented by Swerling, who raised the following issues:

1.  The trial judge erred in finding that the Solicitor's use of peremptory strikes to strike black jurors was racially neutral.

2.  The trial judge erred in refusing to suppress the in-court identification of Appellant which was tainted by an impermissibly suggestive photo lineup.

3.  The trial judge erred in allowing the State to amend one of the indictments after the jury was sworn.

4.  The trial judge erred in refusing to give the jury charge on mere knowledge requested by Appellant.

---

[2](...continued)

all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



> 5. The trial judge erred in improperly instructing the jury regarding the meaning of reasonable doubt.

(R.p. 572).

On November 24, 1998, the South Carolina Court of Appeals affirmed Petitioner's convictions and sentences. <u>State v. Missouri</u>, Unpub. Op. No. 98-UP-524 (S.C.Ct.App. 1998). (R.pp. 634-640). Petitioner filed a Petitioner for Rehearing, which was denied on January 21, 1999. (R.pp. 641-647, 649).

Petitioner then filed a Petition for Writ of Certiorari with the South Carolina Supreme Court on February 19, 1999, raising the following issues:

> 1. Did the Court of Appeals err in finding that the Solicitor's use of three peremptory strikes to strike African American jurors was racially neutral?
>
> 2. Did the Court of Appeals err in approving the trial judge's refusal to suppress the in-court identification of Petitioner which was tainted by an impermissibly suggestive photo lineup?
>
> 3. Did the Court of Appeals err in approving the trial judge's refusal to give the jury charge on mere knowledge requested by Petitioner?
>
> 4. Did the Court of Appeals err in approving the fact that, over defense objection, the State was allowed to amend one of the indictments after the jury was sworn?

(R.p. 651).

The South Carolina Supreme Court denied certiorari on August 23, 1999, and the Remittitur was sent down on August 25, 1999. (R.pp. 648, 690).

On November 30, 1999, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; <u>Missouri v. State of South Carolina</u>, No. 99-CP-28566; (R.pp. 691-833). Petitioner raised numerous claims of ineffective assistance of counsel in his APCR. (R.pp. 694-697).

Petitioner was represented in his APCR by Tara Dawn Shurling, Esquire, and an



evidentiary hearing was held on Petitioner's application on December 13, 2000. (R.pp. 876-1023). On November 29, 2004, the PCR judge entered an order denying Petitioner's APCR in its entirety. (R.pp. 1030-1042).

Petitioner timely filed a notice of appeal. Petitioner was represented on appeal by Wanda H. Carter, Deputy Chief Attorney for the Office of Appellate Defense, who filed a <u>Johnson</u>[3] brief seeking to be relieved and raising the following issue:

Trial counsel erred in failing to fully perfect petitioner's alibi/mere presence defenses.

(R.p. 1058).

Petitioner also filed a <u>pro</u> <u>se</u> petition dated December 21, 2005, and raised the following issue:

Whether there was any evidence to support the PCR judge's findings that trial counsel was not ineffective for failing to call two material witnesses, Amanda Johnson and Shanika Reed, at trial.

<u>See</u> Respondent's Exhibit 3, p. 2.

The case was transferred to the South Carolina Court of Appeals, and on October 30, 2007, the South Carolina Court of Appeals granted counsel's petition to be relieved and denied the petition. (R.pp. 1067-1068). Shurling thereafter petitioned for a rehearing on the issue that Petitioner had raised in his <u>pro</u> <u>se</u> petition, and also sought to raise an allegation that trial counsel was ineffective for failing to impeach Sgt. Hayvern Hendley's testimony with the full audiotape of the drug transaction. <u>See</u> Respondent's Exhibit 5; <u>see</u> <u>also</u> (R.pp. 1069-1074). On January 11, 2008, the South Carolina Court of Appeals denied the petition for rehearing. <u>See</u> Respondent's Exhibit 6; <u>see</u>

---

[3] <u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988). <u>See</u> <u>also</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967)[<u>Anders</u> requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited].



<u>also</u> (R.p. 1076).

The South Carolina Supreme Court filed orders on February 12, 2008, and again on March 12, 2008, granting Petitioner an extension of thirty (30) days within which to file a Petition for Writ of Certiorari, with the March 12, 2008 Order indicating that "[n]o further extensions of time will be granted to serve and file the Petition for Writ of Certiorari and Appendix in this matter." <u>See</u> Respondent's Exhibit 8. However, on April 9, 2008, the South Carolina Supreme Court filed an order in which it summarily dismissed the appeal on a procedural ground, citing <u>Haggins v. State</u>, 659 S.E.2d 170 (S.C. 2008)[4][South Carolina Supreme Court "will not entertain Rule 226 petitions for writ of certiorari to review 'letter denials' [by Court of Appeals] in PCR matters"]. <u>See</u> Respondent's Exhibit 9. The South Carolina Court of Appeals then sent the Remittitur on April 10, 2008. <u>See</u> Respondent's Exhibit 10.

Petitioner's counsel filed a Motion to Reconsider with Leave to reinstate the appeal, as well as what was apparently intended to be a Petition for Writ of Certiorari in the South Carolina Supreme Court on April 16, 2008. <u>See</u> Respondent's Exhibits 7 and 11. Petitioner's motion was denied by the South Carolina Supreme Court on June 26, 2008. <u>See</u> Respondent's Exhibit 12. While the Supreme Court agreed that it should not have dismissed Petitioner's writ under <u>Haggins</u> on the grounds stated, it extended <u>Haggins</u> to apply to writs such as the Petitioner's. <u>Id</u>.

Petitioner then filed this federal petition. In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

**Ground One:** Trial counsel was ineffective for failing to present testimony of witnesses Reed and Johnson during trial.

**Supporting Facts**: Here you have two eyewitnesses that the record supports at least (15) times that they were eyewitness to the alleged drug infraction. Both witnesses

---

[4]The <u>Haggins</u> decision was filed on March 24, 2008.



could have testified to petitioner's innocence.

**Ground Two**: Trial Counsel was ineffective for failing to impeach state's witness Hendley with the entire audio recording of the drug transaction.

**Supporting Facts**: Hendley testified at trial after he made the drug buy he gave the lead Officer David Dowey a physical description of the Petitioner over the wire 5'8 to 5'11 200 pounds with a short haircut. Officer Dowey testified to the same. The audiotape and a full transcript of the recording did not have a physical description. The State was allowed to use this evidence to provide in court identification during trial.

**Ground Three**: Whether the South Carolina Supreme Court constituted a violation of petitioner's constitutional rights by extending <u>Haggins v. State</u>, 659 S.E.2d 170 (S.C. 2008).

**Supporting Facts**: <u>Haggins</u>, <u>supra</u>, was ruled on after petitioner's filing for Writ of Certiorari, South Carolina Supreme Court extended their ruling in <u>Haggins</u>, <u>supra</u>, denying Petitioner for Writ of Certiorari.

<u>See</u> <u>Petition</u>, pp. 6-9, and attachments.

### Discussion

Respondent has moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).



## I.

With respect to his ineffective assistance of counsel claims, Petitioner alleges his trial counsel was ineffective for failing to present testimony of witnesses Reed and Johnson during trial and failing to impeach state's witness Hendley with the entire audio recording of the drug transaction. Respondent does not contest that these issues were raised in Petitioner's APCR[5], where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).

The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Missouri v. State of South Carolina, No. 99-CP-28566. Specifically, the PCR judge found that: 1) Petitioner testified that trial counsel was ineffective for failing to call witnesses Johnson and Reed at trial, because these witnesses would have testified that Petitioner was with them when Tucker went by, and Petitioner did not give Tucker any drugs; 2) trial counsel testified that he did not call these witnesses for strategic reasons; 3) trial counsel testified that the State's main two witnesses gave conflicting testimony and that weaknesses in the State's case allowed counsel the ability to argue that they had not met their burden of proving identity; 4) trial counsel opined that this created an opportunity for acquittal and he wanted the strategic advantage of last argument; 5) trial counsel testified that the downside of the witnesses testifying was that they would firmly establish Petitioner's presence at the scene, undoing counsel's argument that the State did not meet its burden of proving identity; 6) trial counsel gave reasonable strategic reasons for not calling either witness; 7) in hindsight, counsel's strategy was not successful; 8) counsel took an insightful analysis into the weight of the State's case

---

[5]With respect to Ground Two, however, Respondent contends that Petitioner did not properly preserve this claim in his PCR appeal. See discussion with respect to this claim, infra.



and made a logical and valid strategic decision; 9) had counsel called both witnesses, they would have put Petitioner at the scene and the Petitioner would have been left with the perilous mere presence defense; 10) the jury could easily have chosen to believe police officers over Johnson's and Reed's testimony and Petitioner, causing Petitioner to be convicted; 11) the witnesses were not called because of a valid trial strategy and counsel was not ineffective; 12) Petitioner claimed that a portion of the audiotape should have been used to impeach Hendley's testimony that he did not know who Petitioner was prior to the buy; 13) trial counsel considered the portion of the tape, or transcript of the tape that did come in to be harmless, because it did not mention Petitioner; 14) trial counsel opined that it was beneficial for Petitioner's defense that Petitioner was not involved in the transaction between Hendley and Tucker; 15) trial counsel did not object on it on the basis of hearsay; 16) trial counsel opined that the rest of the tape was harmful because the confidential informant can be heard to say several times that "he's getting it from Jose", referring to Tucker and the Petitioner;  17) the confidential informant refers to Jose as does Tucker; 18) only at the end of the tape does Hendley reference Jose; 19) counsel's performance was not deficient for failing to put in the rest of the tape; 20) the rest of the tape implicated the Petitioner; 21) to admit the tape would have allowed hearsay from the confidential informant that directly implicated the Petitioner; 22) the tape was consistent with Hendley's testimony that he did not know who Petitioner was before the transaction, but the informant did; 23) counsel was not deficient, where the decision not to use the rest of the tape was for reasonable strategic reasons.  (R.pp. 1035- 1036, 1040).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir.



8

2000)(en banc), <u>cert. denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). <u>See also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert. denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. <u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d. 1560, 1568 (4th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d. 1092, 1100 (4th Cir. 1990), <u>cert. denied</u>, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000). <u>See</u> <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the



trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996). For the reasons set forth below, the undersigned finds that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

**Ground One.** Petitioner alleges his trial counsel was ineffective for failing to present testimony from witnesses Reed and Johnson during trial. At the PCR hearing, both Reed and Johnson submitted affidavits and testified that they witnessed the transaction at issue and that Tucker did not get the drugs from Petitioner prior to providing them to the undercover officer. (R.pp. 846-847, 942- 956). These witnesses also testified that Petitioner's trial counsel was aware of their potential testimony, but did not call them at trial. (R.pp. 947-951, 954-956). Petitioner's trial counsel testified that Reed and Johnson were initially interviewed by someone on his behalf, that he also interviewed them, and that he and Petitioner discussed these potential witnesses and their testimony. (R.pp. 980-981). Counsel testified that there was a discrepancy in testimony by the State's witness concerning identification of Petitioner at the scene, that there were other discrepancies in the testimony by the State's witnesses including inconsistencies between the State's



main two witnesses, and that there was an advantage in having the last argument to the jury to point out these inconsistencies.  (R.pp. 981-984).  Counsel also testified that if Reed and Johnson testified that they would have placed the Petitioner at the scene, thereby presenting a different version of the facts than was being pursued by the defense and leaving Petitioner to argue that he was merely present.  (R.pp. 980-984).  Counsel also opined that he did not feel the testimony would advance Petitioner's case and would have cost Petitioner the right to argue last to the jury.  (R.pp. 983-985).

There is no basis in this record to overturn the findings of the State Court, as Petitioner has not shown that his counsel was ineffective for failing to call these two witnesses, or that he was prejudiced by their failure to testify.  Evans, 220 F.3d at 312.  While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel.  Strickland, 466 U.S. at 689; Bunch v. Thompson, supra;  Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966); Burger v. Kemp, 483 U.S. 766 (19878); see also Harris, 874 F.2d at 762.  Nor has Petitioner shown that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable application of federal law or determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra.  Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

Petitioner's claim that his counsel was ineffective on this ground is without merit, and should be dismissed. Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

**Ground Two.**  Petitioner also contends that his trial counsel was ineffective for



failing to impeach state's witness Hendley with the entire audio recording of the drug transaction. While Petitioner raised this issue in his APCR and it was addressed by the PCR Judge in his order of dismissal; (R.p. 1040); this issue was not presented to the state Supreme Court by PCR appellate counsel on appeal in the <u>Johnson</u> brief, nor did Petitioner raise this issue in his <u>pro se</u> brief filed in support of his PCR appeal. While, after the South Carolina Court of Appeals granted counsel's petition to be relieved and denied the petition; (R.pp. 1067-1068); Shurling thereafter appeared as collateral appellate counsel and sought to raise this issue in a petition for rehearing; <u>see</u> Respondent's Exhibit 5; <u>see also</u> (R.pp. 1069-1074); the South Carolina Court of Appeals denied the petition for rehearing on January 11, 2008. <u>See</u> Respondent's Exhibit 6; <u>see also</u> (R.p. 1076).

Pursuant to <u>Johnson</u>, counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the Petitioner; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. <u>See</u> <u>Johnson v. State</u>, <u>supra</u>; <u>Anders v. California</u>, <u>supra</u>. Respondent argues that, since PCR counsel filed a <u>Johnson</u> brief which did not include this issue and Petitioner did not himself raise this claim in his <u>pro se</u> brief, this claim is procedurally barred for failure to exhaust.[6] The undersigned agrees that, if the merits of this

---

[6]While Petitioner did attempt to raise this issue in his petition for rehearing, a petition for rehearing is not a proper filing in which to raise an issue that was not previously before the Court in the underlying writ of certiorari. <u>See</u> Rule 208(b)(1)(B)[ordinarily no point will be considered that is not set forth in the statement of issues on appeal]. Under the South Carolina Rules, a petition for rehearing "shall state with particularity the points supposed to have been *overlooked or misapprehended* by the court." Rule 221(a), SCACR [emphasis added]; <u>Arnold v. Carolina Power and Light</u>, 167 S.E. 234, 238 (S.C. 1933). That was not the case with respect to this issue, which was not even set forth as a claim in Petitioner's writ. <u>Cf</u> <u>Joseph v. Angelone</u>, 184 F.3d 320, 328 (4th Cir. 1999), <u>cert</u>. <u>denied</u>, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking

(continued...)



issue were not reached by the state appellate courts, the issue is procedurally barred from this Court's review. <u>Coleman</u>, 501 U.S. at 750; <u>see</u> discussion, <u>supra</u>. However, neither party cites to any controlling precedent in this circuit addressing whether an issue preserved at the PCR level, but not raised in a <u>Johnson</u> petition, is deemed to have been considered and dismissed on the merits by the state appellate court.

      Some other courts have held that an issue not presented in an <u>Anders</u> brief or in a <u>pro se</u> brief has not been reviewed on the merits.[7] <u>See</u> <u>Jorge v. United States</u>, 818 F.Supp. 55, 57 (S.D.N.Y. 1993)["Having been thus placed in the possession of all of the facts relating to these claims, it is not sufficient for [Petitioner] to justify a failure to raise these claims on direct appeal merely because his appellate counsel filed an <u>Anders</u> brief because that counsel did nothing to prevent [Petitioner] from filing his <u>pro se</u> brief."]; <u>Basnight v. Keane</u>, No. 99-4826, 2000 WL 1100331 at * 4 (E.D.N.Y. Aug. 1, 2000); <u>but cf.</u> <u>Greene v. Bartlett</u>, 213 Fed.Appx. 597 599 n. 2 (9th Cir. 2006)["Our holding here is limited to circumstance where, as here, the state court is not required to fully examine the record for error.... We do not reach the question whether federal claims are exhausted by appending prior pleadings to the appeal when the state court is required to engage in an independent review of the entire record, as when counsel seeks to withdraw and submits an <i>Anders</i> brief. (Citations omitted)"]. Further, The United States Supreme Court has held that the <u>Anders</u> review procedure is prophylactic, and can be varied by the states as long as the procedures applied adequately safeguard a defendant's rights. <u>Smith v. Robbins</u>, 528 U.S. 259, 272-273 (2000).

---

[6](...continued)
in the woodwork will not turn the trick."](quoting <u>Townes v. Murray</u>, 68 F.3d 840, 846 (4th Cir. 1995)(quoting <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994)).

[7]The procedures set forth in <u>Anders</u> are followed in petitions filed under <u>Johnson</u>. <u>See</u> <u>Johnson v. State</u>, <u>supra</u>. Therefore, for purposes of this Report and Recommendation, the standard discussed is the same.



In <u>State v. McKennedy</u>, 559 S.E.2d 850 (S.C. 2002), the South Carolina Supreme Court held that claims presented in an <u>Anders</u> brief were presented on the merits for purposes of federal habeas review. <u>McKennedy</u>, 559 S.E.2d at 854-855. <u>Cf</u>. <u>Washington v. Rushton</u>, No. 05-2394, 2006 WL 2050582 at * 2 (D.S.C. July 13, 2006). However, <u>McKennedy</u> did not clearly state whether an issue otherwise preserved for review but *not presented* in either an <u>Anders</u> brief or in a <u>pro</u> <u>se</u> brief filed in response to the filing of an <u>Anders</u> brief is deemed to have been reviewed and therefore exhausted for purposes of federal habeas review.[8]  Therefore, in light of Petitioner's <u>pro</u> <u>se</u> status, and since there appears to be no clear controlling precedent on this issue, out of an abundance of caution the undersigned has discussed Petitioner's second claim on the merits.

As noted, this issue was raised in Petitioner's APCR, and the PCR Court rejected this claim, making specific findings of fact and conclusions of law. <u>See</u> discussion, <u>supra</u>.  Upon review of the record and materials in the file consistent with the applicable case law, I do not find that the Petitioner was denied effective assistance of counsel with respect to this claim.  Petitioner's counsel testified that the portion of the audiotape that came in at trial was totally harmless to the Petitioner, while the rest of the tape identified Petitioner in different places and "points the finger at the [Petitioner] . . . ."[9]  (R.pp. 986-987).  Counsel even opined that he would have been "an idiot to put that in."  (R.p. 987).  Counsel testified that it was "a sound decision not to offer the rest of the audiotape" and "[t]here was no strategic advantage for [Petitioner] to put it into evidence that he was the person that the C.I. and Mr. Tucker were referring to."  (R.p. 988).  Counsel also testified that

---

[8]Recently, the South Carolina Supreme Court held that a decision by the South Carolina Court of Appeals dismissing an appeal after conducting a review pursuant to <u>Anders</u> is not a decision on the merits. <u>See</u> <u>State v. Lyles</u>, 673 S.E.2d 811 (S.C. 2009).  This decision did not, however, discuss or even reference the Court's earlier opinion in <u>McKennedy</u>.

[9]The transcribed copy of the taped recording was submitted at the PCR hearing as Exhibit E. (R.pp. 848-851).



"[a]s I understand it, Mr. Hendley did not know who Jose was and then only at the end of this whole transaction he made a reference to Jose.  But I think it needs to be pointed out that the discussion between the informant and Freddie Tucker who made the sale was about Jose being the person who gave him the drugs."  (R.p. 988).

As previously discussed, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in §2254(d)(1), as interpreted by the Supreme Court in Williams v. Taylor, supra. See Bell v. Jarvis, supra; see also Fisher, 215 F.3d at 446; Evans, 220 F.3d at 312.  The PCR judge found that to admit the tape would allow hearsay from the confidential informant that directly implicated the Petitioner, and that the tape was consistent with Hendley's testimony that he did not know who Petitioner was before the transaction, but the informant did. Petitioner has failed to show that the outcome of his trial would have been different if his counsel had introduced the entire audio recording of the drug transaction and tried to impeach Hendley with it, nor has Petitioner shown that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

Petitioner's claim that his counsel was ineffective on this ground is without merit, and should be dismissed. Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

**II.**



In Ground Three of his Petition, Petitioner contends that the South Carolina Supreme Court violated his constitutional rights by extending Haggins v. State, 659 S.E.2d 170 (S.C. 2008), to apply to his writ of certiorari. Petitioner raised this issue in his Motion to Reconsider with Leave to Reinstate his Appeal, but the South Carolina Supreme Court denied this motion. Petitioner contends that the South Carolina Supreme Court erred on state grounds and also challenges the ruling based upon due process and equal protection. These assertions are without merit.

First, with regard to Petitioner's claim that the state court was incorrect in its findings, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)["federal habeas corpus relief does not lie for errors of state law"]. Therefore, Petitioner is not entitled to federal habeas relief on this claim.

Second, while Petitioner also raises federal claims with regard to this issue, Respondent correctly notes that "errors of state law cannot be repackaged as federal errors simply by citing the due process clause." See Respondent's Memorandum, p. 26; e.g. Carson v. Director, Iowa Dep't of Correctional Servs, 150 F.3d 973, 975 (8th Cir. 1998); Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999). Further, the South Carolina Supreme Court considered Petitioner's due process/equal protection argument in rejecting his motion to reconsider, and the undersigned finds no reversible error in this decision.

The South Carolina Supreme Court sets forth the procedural history of this issue and held in its order denying the Petition for Rehearing to Reinstate as follows,

> Counsel for petitioner filed a petition for writ of certiorari, pursuant to Johnson v. State, 364 S.E.2d 201 (S.C. 1988), from an order denying and dismissing petitioner's application for post-conviction relief (PCR). By order dated October 30, 2007, the Court of Appeals denied the petition.
>
> Thereafter, counsel for petitioner received two extensions of time to serve and file a petition for writ of certiorari and appendix pursuant to Rule 226, SCACR, in this Court. Meanwhile, this Court held in Haggins v. State, 659 S.E.2d 170 (S.C. 2008),

16



that it will not entertain a petition for writ of certiorari pursuant to Rule 226 in a PCR matter where there has been a "letter denial" by the Court of Appeals.

By order dated April 9, 2008, this matter was dismissed, pursuant to <u>Haggins</u>, on the ground that the Court of Appeals denied the petition for a writ of certiorari by letter without issuing a formal order or opinion.  The Court of Appeals sent the remittitur to the lower court on April 10, 2008.

Petitioner now asks the Court to reconsider its decision, recall the remittitur and reinstate the matter.  Specifically, petitioner argues <u>Haggins</u> is inapplicable to his case because his petition was denied by way of an order.  Petitioner argues further that the Court should recall the remittitur and grant reinstatement because the Court had already granted him two extensions of time, he had completed work on the petition at the time the order of dismissal was issued, his case involves substantial meritorious issues for appellate review, and the rule set forth in <u>Haggins</u> should not be applied to PCR appeals already before the Court.  Finally, petitioner argues application of <u>Haggins</u> to his case would violate his rights to due process and equal protection.

Initially, we agree that this matter should not have been dismissed pursuant to <u>Haggins</u> since the Court of Appeals disposed of the petition for a writ of certiorari by way of an order instead of a letter denial.  However, we hereby extend <u>Haggins</u> to petitions for a writ of certiorari filed in this Court pursuant to Rule 226 following the Court of Appeals' issuance of an order denying a petition for a writ of certiorari filed pursuant to <u>Johnson v. State</u>, <u>supra</u> in a PCR matter.  We find neither <u>Haggins</u>, nor our extension of <u>Haggins</u> herein, constitutes a violation of constitutional rights.  <u>Ross v. Moffitt</u>, 417 U.S. 600 (1974); <u>Sloan v. S.C. Bd. of Physical Therapy Examiners</u>, 636 S.E.2d 598 (S.C. 2006); <u>Denene, Inc. v. City of Charleston</u>, 596 S.E.2d 917 (S.C. 2004); Rule 226(b), SCACR; 16C C.J.S. <u>Constitutional Law</u> § 1691 (2005).  Finally, petitioner's argument that <u>Haggins</u> should not apply to his case because it was already pending before the Court at the time the decision in <u>Haggins</u> was issued, and because petitioner had already invested time and resources in preparing the petition, ignores the fact that this Court applied the new rule set forth in <u>Haggins</u> to Haggins himself, indicating our intent for the rule to be applied to all Rule 226 petitions in PCR appeals regardless of how far along in the process they may be.  For that reason, we find it appropriate to apply our extension of the rule announced herein to petitioner's case and deny petitioner's motion to recall the remittitur and reinstate the petition for a writ of certiorari.

<u>See</u> Respondent's Exhibit 12 (and a complete copy of the order attached to this Report).[10]

Since this decision, the South Carolina Supreme Court has again extended its holding in <u>Haggins</u>.

---

[10]A page is missing from the copy filed with the Clerk's Office.  A complete copy of the South Carolina Supreme Court's order was obtained from its website and attached to this Report.



See Ellison v. State, 676 S.E.2d 671 (S.C. 2009).

On the record before the Court in this case, no federal violation has been shown and Petitioner has therefore failed to show a violation of his federal constitutional rights. Ross v. Moffitt, 417 US at 616 [Noting ability of Petitioner to have counsel prepare an initial brief in state court of Appeals with discretionary review in the State Supreme Court, and holding that such a system adequately assured the Petitioner an "opportunity to present his claims fairly in the context of the State's appellate process"]; Sloan v. S.C. Bd. of Physical Therapy Examiners, supra; Denene, Inc. v. City of Charleston, supra.; cf. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] "A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; see also Evans v. Smith, 220 F.3d 306, 312 (4th Cir. 2000)[Federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. . . . "]. Therefore, Plaintiff's claim is without merit and should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Petitioner's motion for summary judgment be **denied**, that Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 26, 2009
Charleston, SC



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



20

The Supreme Court of South Carolina

Jose Missouri, Petitioner,

v.

State of South Carolina,
Respondent.

———————————

ORDER

———————————

Counsel for petitioner filed a petition for a writ of certiorari, pursuant to Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), from an order denying and dismissing petitioner's application for post-conviction relief (PCR). By order dated October 30, 2007, the Court of Appeals denied the petition.

Thereafter, counsel for petitioner received two extensions of time to serve and file a petition for a writ of certiorari and appendix pursuant to Rule 226, SCACR, in this Court. Meanwhile, this Court held in Haggins v. State, 377 S.C. 135, 659 S.E.2d 170 (2008), that it will not entertain a petition for a writ of certiorari pursuant to Rule 226 in a PCR matter where there has been a "letter denial" by the Court of Appeals.

By order dated April 9, 2008, this matter was dismissed, pursuant to Haggins, on the ground that the Court of Appeals denied the petition for a writ of certiorari by letter without issuing a formal order or opinion. The Court of Appeals sent the remittitur to the lower court on April 10, 2008.

Petitioner now asks the Court to reconsider its decision, recall the remittitur and reinstate the matter. Specifically, petitioner argues Haggins is inapplicable to his case because his petition was denied by way of an order. Petitioner argues further that the Court should recall the remittitur and grant reinstatement because the Court had already granted him two extensions of time, he had completed work on the petition at the time the order of dismissal was issued, his case involves substantial meritorious issues for appellate review, and the rule set forth in Haggins should not be applied to PCR appeals already before the Court. Finally, petitioner argues application of Haggins to his case would violate his rights to due process and equal protection.

Initially, we agree that this matter should not have been dismissed pursuant to Haggins since the Court of Appeals disposed of the petition for a writ of certiorari by way of an order instead of a letter denial. However, we hereby extend Haggins to petitions for a writ of certiorari filed in this Court pursuant to Rule 226 following the Court of Appeals' issuance of an order denying a petition for a writ of certiorari filed pursuant to Johnson v. State, supra in a PCR matter. We find neither Haggins, nor our extension of Haggins herein, constitutes a violation of constitutional rights. Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); Sloan v. S.C. Bd. of Physical Therapy Examiners, 370 S.C. 452, 636 S.E.2d 598 (2006); Denene, Inc. v. City of Charleston, 359 S.C. 85, 596 S.E.2d 917 (2004); Rule 226(b), SCACR; 16C C.J.S. Constitutional Law § 1691 (2005). Finally, petitioner's argument that Haggins should not apply to his case because it was already pending before the Court at

http://www.sccourts.org/courtOrders/HTMLFiles/2008-06-26-01.htm

the time the decision in <u>Haggins</u> was issued, and because petitioner had already invested time and resources in preparing the petition, ignores the fact that this Court applied the new rule set forth in <u>Haggins</u> to Haggins himself, indicating our intent for the rule to be applied to all Rule 226 petitions in PCR appeals regardless of how far along in the process they may be. For that reason, we find it appropriate to apply our extension of the rule announced herein to petitioner's case and deny petitioner's motion to recall the remittitur and reinstate the petition for a writ of certiorari.

IT IS SO ORDERED.

s/Jean H. Toal _____ C.J.

s/James E. Moore _____ J.

s/John H. Waller, Jr. _____ J.

s/Costa M. Pleicones _____ J.

s/Donald W. Beatty _____ J.

Columbia, South Carolina
June 26, 2008