Jose Missouri, #217781, )
)
       Petitioner, )   Civil Action No. 9:08-2878-SB
)
v. )
)   **ORDER**
Donald Beckwith, )
)
       Respondent. )
_____)



This matter is before the Court on the Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The record includes a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. 636(b)(1)(B). In the R&R, Magistrate Judge Bristow Marchant recommends that the Court grant the Respondent's motion for summary judgment and deny the Petitioner's motion for summary judgment. The Petitioner filed timely objections to the R&R, and the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (stating that a party may object, in writing, to an R&R within ten days after being served with a copy of that report).

## BACKGROUND

The Petitioner was arrested in the summer of 1996 after undercover officer Hayvern Henley and a confidential informant purchased drugs from the Petitioner and Floyd Tucker. The Petitioner was indicted in 1997 in Kershaw County for conspiracy to distribute crack cocaine, distribution of a controlled substance within the proximity of a park, and distribution of crack cocaine. Attorney Jack B. Swerling represented the Petitioner, and after a trial on January 15-16, 1997, the jury found the Petitioner guilty as charged. The trial judge sentenced the Petitioner to a term of twenty-five years for distribution of crack

cocaine, ten years concurrent for conspiracy to distribute crack cocaine, and ten years concurrent for distribution of crack cocaine in proximity to a park or playground. The judge also imposed fines on all of the counts. The Petitioner is serving his term of imprisonment with the South Carolina Department of Corrections ("SCDC").

The Petitioner, still represented by Swerling, filed a timely notice of appeal, raising the following issues:

1. The trial judge erred in finding that the Solicitor's use of three peremptory strikes to strike black jurors was racially neutral.
2. The trial judge erred in refusing to suppress the in-court identification of Appellant which was tainted by an impermissibly suggestive photo lineup.
3. The trial judge erred in allowing the State to amend one of the indictments after the jury was sworn.
4. The trial judge erred in refusing to give the jury charge on mere knowledge requested by Appellant.
5. The trial judge erred in improperly instructing the jury regarding the meaning of reasonable doubt.

(Entry 15-3 at 75; App. at 572.)

On November 24, 1998, the South Carolina Court of Appeals affirmed the Petitioner's convictions and sentences. State v. Missouri, No. 98-UP-524 (Ct. App. 1998) (unpublished). The Petitioner filed a petition for rehearing, which was denied on January 21, 1999. The Petitioner then filed a petition for a writ of certiorari with the South Carolina Supreme Court on February 19, 1999, raising the following issues:

1. Did the Court of Appeals err in finding that the Solicitor's use of three peremptory strikes to strike African American jurors was racially neutral?
2. Did the Court of Appeals err in approving the trial judge's refusal to suppress the in-court identification of Petitioner which was tainted by an impermissibly suggestive photo lineup?
3. Did the Court of Appeals err in approving the trial judge's refusal to give the jury charge on mere knowledge requested by Petitioner?
4. Did the Court of Appeals err in approving the fact that, over defense



2

> objection, the State was allowed to amend one of the indictments after the jury was sworn?

(App. at 651.) The South Carolina Supreme Court denied the petition for a writ of certiorari on August 23, 1999, and the Remittitur was sent down on August 25, 1999.

On November 30, 1999, the Petitioner filed a post-conviction relief ("PCR") application raising numerous claims of ineffective assistance of counsel. Missouri v. South Carolina, No. 99-CP-28566. (App. at 691-833.) Tara Dawn Shurling, Esquire, represented the Petitioner, and an evidentiary hearing was held on December 13, 2000. On November 29, 2004, the PCR judge entered an order denying the application in its entirety.

The Petitioner filed a timely notice of appeal. On appeal, Wanda H. Carter, Deputy Chief Attorney for the Office of Appellate Defense, represented the Petitioner and filed a Johnson brief seeking to be relieved and raising the following issue: Trial counsel erred in failing to fully perfect petitioner's alibi/mere presence defenses. (App. at 1058.)

The Supreme Court transferred the case to the Court of Appeals, and on October 30, 2007, the Court of Appeals granted counsel's petition to be relieved and denied the petition. Attorney Shurling thereafter petitioned for a rehearing on the issue that the Petitioner had raised in his pro se petition and also sought to raise an allegation that trial counsel was ineffective for failing to impeach Sargent Hayvern Hendley's testimony with the full audiotape of the drug transaction. (App. at 1069-74.) On January 11, 2008, the South Carolina Court of Appeals denied the petition for rehearing. (App. at 1076.)

The South Carolina Supreme Court filed orders on February 12, 2008, and on March 12, 2008, grating the Petitioner an extension of thirty days to file a petition for a writ of certiorari; the March 12 order indicated that "[n]o further extensions of time will be

3

granted to serve and filed the Petition for Writ of Certiorari and Appendix in this matter." On April 9, 2008, however, the Supreme Court filed an order summarily dismissing the appeal on a procedural ground, citing Haggins v. State, 659 S.E.2d 170 (2008). The South Carolina Court of Appeals sent down the Remittitur on April 10, 2008.

On April 16, 2008, the Petitioner's counsel filed a motion to reconsider with leave to reinstate the appeal, as well as what apparently was intended to be a petition for a writ of certiorari in the South Carolina Supreme Court. The Supreme Court denied the motion on June 26, 2008. Although the Supreme Court agreed with the Petitioner that it should not have dismissed the Petitioner's writ under Haggins at that time, the Court extended Haggins to apply to writs such as the Petitioner's.

In August of 2008, the Petitioner filed the instant § 2254 petition, raising the following grounds:

> **GROUND ONE:** Trial Counsel was ineffective for failing to present testimony of witnesses Shanika Reed and Amanda Johnson during trial.
> **Supporting facts:** Here you have two eyewitnesses that the record supports at least (15) times that they were eyewitness[es] to the alleged drug infraction. Both witness[es] could have testified to petitioner's innocence.
>
> **GROUND TWO:** Trial Counsel was ineffective for failing to impeach state's witness Sergeant Hayvern Hendley with the entire audio recording of the drug transaction.
> **Supporting facts:** Sergeant Hayvern Hendley testified at trial after he made the drug buy he gave the lead Officer David Dowey a physical description of Petitioner over the wire 5'8 to 5'11 200 pounds with a short haircut. Officer Dowey testified to the same. The audiotape and a full transcript of the recording did not have a physical description. The State was allowed to use this evidence to prove in-court identification during trial.
>
> **GROUND THREE:** Whether the South Carolina Supreme Court['s decision] constituted a violation of petitioner[']s const[it]utional rights by extending Haggins v. State, 659 S.E.2d 170 (2008)
> **Supporting facts:** Haggins [ ] was ruled on after the petitioner[']s filing for

4

Writ of Certiorari. South Carolina Supreme Court extended their ruling in Haggins [ ], denying Petitioner [ ] a Writ of Certiorari. . . .

(Entry 1 at 6-9.)

## STANDARD OF REVIEW

### I. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "there is no genuine issue as to any material fact." The Court is not to weigh the evidence, but determine whether there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249 (1986). If no material dispute exists, summary judgment should be granted against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Const., Inc. 915 F.2d 121, 123-24 (4th Cir. 1990).

### II. The Magistrate Judge's R&R

This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations outlined by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(B). Any written objection must specifically identify the portion of the R&R to which the objection is made and give the basis for the objection. Id.



## DISCUSSION

### I. Habeas Corpus Relief

With respect to those claims adjudicated on the merits by the state court, habeas

5

corpus relief is warranted only if the Petitioner can demonstrate that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. Id. at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. Id. at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. Id. at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II. Ineffective Assistance of Counsel



A meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-98 (1984). The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome

the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Fields v. Attorney General of Maryland, 956 F.2d 1290, 1297-99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694-95.

### III. The R&R and the Petitioner's Objections

In the R&R, the Magistrate Judge first evaluated grounds one and two of the petition, namely, that trial counsel was ineffective for failing to call witnesses Reed and Johnson to testify and for failing to impeach Officer Hendley with the entire audio recording of the drug transaction, respectively.

With respect to ground one, the Magistrate Judge outlined the testimony presented at the PCR hearing as well as the PCR court's findings of fact and conclusions of law. After review, the Magistrate Judge determined that the Petitioner failed to show that his counsel was ineffective for failing to call the two witnesses or that he was prejudiced by their failure to testify. Therefore, the Magistrate Judge agreed with the state court's ruling and determined that the state court's decision was not "contrary to" or an "unreasonable application of" federal law.

Next, with respect to ground two, the Magistrate Judge suggested that this claim may be procedurally barred due to its not having been presented in an Anders brief or the Petitioner's pro se appellate brief; however, because the Petitioner raised this claim in his

7

original PCR application, and because the PCR court actually ruled on the claim, the Magistrate Judge addressed the merits of the claim. After a review of the record, including the PCR court's findings of fact and conclusions of law, the Magistrate Judge determined that the Petitioner was not denied effective assistance of counsel. The Magistrate Judge agreed with the state court's determination that counsel had articulated valid, strategic reasons for not offering the entire audio recording, including the fact that the played portion of the recording did not refer to the Petitioner but that the un-played portion (which the Petitioner asserts should have been played) did refer to and implicate the Petitioner. In sum, then, the Magistrate Judge determined that the state court's decision was not "contrary to" or an "unreasonable application of" federal law.

In ground three of his petition, the Petitioner contends that the South Carolina Supreme Court violated his constitutional rights by extending Haggins, 659 S.E.2d 170 (2008), to apply to his petition when it denied his petition for a writ of certiorari. Here, the Magistrate Judge determined that this is s a state court issue, and not a federal or constitutional issue, and that the Petitioner is not entitled to relief because a federal habeas court should not reexamine a state court's determination on a state court issue. (R&R at 16.) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, the Magistrate Judge noted that the Petitioner cannot repackage this state law issue into a federal one by citing the due process clause. In addition, as the Magistrate Judge noted, the state court considered the Petitioner's argument in his motion to reconsider, and the Magistrate Judge found no error in the state court's determination. Because the Magistrate Judge found that this claim was not cognizable on federal habeas review, he recommended dismissal of this ground.

The Petitioner timely filed written objections to the R&R; however, in his objections he merely rehashes the same arguments made in his petition and in his motion for summary judgment, arguments that the Magistrate Judge properly considered and rejected in the R&R. Even liberally construing these objections, the Court finds them to be without merit.

After a comprehensive review of the applicable law and the record, including the R&R and the Petitioner's objections, this Court is satisfied that the Magistrate Judge correctly determined that the Petitioner is not entitled to relief. Accordingly, the Court overrules the Petitioner's objections and adopts the R&R in full and specifically incorporates it in this order.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R (Entry 22) is adopted and incorporated herein; the Petitioner's objections (Entry 24) are overruled; the Respondent's motion for summary judgment (Entry 14) is granted; and the Petitioner's motion for summary judgment (Entry 20) is denied.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

September 29, 2009
Charleston, South Carolina

9